IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPRIO, INC.,<br>425 3rd Street, SW, Suite 600<br>Washington, DC  20024<br><br>                    **Plaintiff,**<br>    v.<br><br>NEIL ZACCARI,<br>12316 Bradford Landing Way<br>Glen Allen, Virginia  23059<br><br>                    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.:  18-cv-2180<br>)<br>)<br>)<br>)<br>)<br>) |

## **ANSWER**

Defendant, Neil Zaccari ("Zaccari"), by counsel, submits this Answer to the Complaint filed by Apprio, Inc. ("Apprio"), respectfully answers and states as follows:

### **THE PARTIES**

1.     Zaccari admits Apprio is a Delaware corporation headquartered in Washington, DC, but lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 1, and, therefore, denies the same.

2.     Zaccari admits the allegations in Paragraph 2.

### **JURISDICTION AND VENUE**

3.     To the extent Paragraph 3 states a legal conclusion, no response is required.  To the extent a response is required, Zaccari admits that this Court has subject matter jurisdiction over this action.

4.     To the extent Paragraph 4 states a legal conclusion, no response is required.  To the extent a response is required, Zaccari admits this Court has personal jurisdiction over him.

5. To the extent Paragraph 5 states a legal conclusion, no response is required. To the extent a response is required, Zaccari admits that venue is proper in this Court.

6. Zaccari admits the allegations in Paragraph 6.

7. Zaccari admits that Apprio was hired to perform work for the Defense Contract Management Agency ("DCMA"), but lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 7.

8. Zaccari admits the allegations in Paragraph 8.

9. Zaccari admits that DCMA contracted with Apprio, states that the contract and any work orders are documents that speak for themselves and denies any allegation in Paragraph 9 inconsistent with the terms of those documents.

10. Zaccari admits that contract no. GS-06F-0925Z is attached to the Complaint as Exhibit A, states that it is a document that speaks for itself, and denies any allegation in Paragraph 10 inconsistent with the terms of that document.

11. Zaccari admits that an order for contract no. S5121A-15-A-0001 is attached to the Complaint as Exhibit B, states that it is a document that speaks for itself, and denies any allegation in Paragraph 11 inconsistent with the terms of that document.

12. Zaccari admits that an order for contract no. S5121A-15-A-0001 is attached to the Complaint as Exhibit C, states that it is a document that speaks for itself and denies any allegation in Paragraph 12 inconsistent with the terms of that document.

13. Zaccari states Exhibit C is a document that speaks for itself, and denies any allegation in Paragraph 13 inconsistent with the terms of that document.

14. Zaccari lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 14.

15. Zaccari states Exhibit B is a document that speaks for itself and denies any allegation in Paragraph 15 inconsistent with the terms of that document. Zaccari lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 15.

16. Zaccari admits that Apprio's offer letter to Zaccari is attached to the Complaint as Exhibit D, states that it is a document that speaks for itself and denies any allegation in Paragraph 16 inconsistent with the terms of that document.

17. Zaccari denies that the job description in Paragraph 17 was for the position for which he was hired by Apprio and further denies the remaining allegations in Paragraph 17.

18. Zaccari denies that the job responsibilities in Paragraph 18 are for the position for which he was hired by Apprio and further denies the remaining allegations in Paragraph 18.

19. Zaccari admits that he was hired by Apprio to advise DCMA on business processes but denies he was hired to or engaged in the redesign of DCMA's contract receipt and review process or to write any software, or that doing so was within the scope of his employment with Apprio, and further denies the remaining allegations in Paragraph 19.

20. Zaccari admits that a document titled "Apprio, Inc. Proprietary Information and Assignment of Inventions Agreement" is attached to the Complaint as Exhibit E (the "Agreement"), states that it is a document that speaks for itself and denies any allegation in Paragraph 20 inconsistent with the terms of that document.

21. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 21 inconsistent with its terms.

22. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 22 inconsistent with its terms.

23. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 23 inconsistent with its terms.

24. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 24 inconsistent with its terms.

25. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 25 inconsistent with its terms.

26. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 26 inconsistent with its terms.

27. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 27 inconsistent with its terms.

28. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 28 inconsistent with its terms.

29. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 29 inconsistent with its terms.

30. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 30 inconsistent with its terms.

31. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 31 inconsistent with its terms.

32. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 32 inconsistent with its terms.

33. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 33 inconsistent with its terms.

34. Zaccari states that the Agreement is a document that speaks for itself and denies any allegation in Paragraph 34 inconsistent with its terms.

35. Zaccari admits that he was tasked by Apprio to advise DCMA on business processes but denies he was hired to or engaged in the redesign of DCMA's contract receipt and review process or to write any software, or that doing so was within the scope of his employment with Apprio, and further denies the remaining allegations in Paragraph 35.

36. Zaccari admits that he reviewed the DCMA's contract workflow processes when he first started with Apprio, but denies he was granted access to any proprietary, non-public information until after October 2016, when his security clearance was granted, and further denies the remaining allegations in Paragraph 36.

37. Zaccari admits that he informed Apprio that he could use the existing capabilities of an Excel macro to automate the DCMA's manual contract receipt and review process after independently creating his CRR Software but denies the remaining allegations in Paragraph 37.

38. Zaccari denies the allegations in Paragraph 38.

39. Zaccari denies the allegations in Paragraph 39.

40. Zaccari admits that he independently created his CRR Software on his own time, outside of regular business hours, but during the time period he was also an employee of Apprio, and denies the remaining allegations in Paragraph 40.

41. To the extent the allegations of Paragraph 41 state a legal conclusion, no response is required. To the extent a response is required, Zaccari denies the allegations in Paragraph 41.

42. Zaccari admits that his CRR Software automated the DCMA's manual contract receipt and review process, states Exhibit C is a document that speaks for itself and denies any

allegation in Paragraph 42 inconsistent with the terms of that document, and further denies the remaining allegations in Paragraph 42.

43. Zaccari denies the allegations in Paragraph 43.

44. To the extent the allegations of Paragraph 41 state legal conclusions, no response is required. To the extent a response is required, Zaccari denies the allegations in Paragraph 44.

45. Zaccari denies that he was obligated to either provide or return anything to Apprio relating to his CRR Software but admits the remaining allegations in Paragraph 45.

46. Zaccari admits that he applied for a copyright registration for his CRR Software about a year after his employment with Apprio ended, denies he made any false representations to the Copyright Office, and further denies the remaining allegations in Paragraph 46.

47. Zaccari admits the allegations in Paragraph 47.

48. Zaccari admits that he filed complaints against Apprio, DT, and the United States, states that the complaints are documents that speaks for themselves, denies any allegation in Paragraph 48 inconsistent with the terms of those documents, denies that he made any false allegations in the complaints, and further denies the remaining allegations in Paragraph 48.

49. Zaccari admits that Apprio has engaged legal counsel but lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 49.

50. Zaccari denies the allegations in Paragraph 50.

## Count I – Breach of Contract

51. Zaccari realleges and incorporates the responses set forth in the proceeding paragraphs as though fully set forth herein.

52. Zaccari admits the allegations in Paragraph 52.

53. Zaccari denies that he agreed to assign his rights in his CRR Software to Apprio, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 53 inconsistent thereto.

54. Zaccari denies that he used any proprietary information he received from customers of Apprio to create his CRR Software, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 53 inconsistent thereto.

55. Zaccari denies that his CRR Software was incorporated into any Apprio work product, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 55 inconsistent thereto.

56. Zaccari denies that his CRR Software is a work made for hire, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 56 inconsistent thereto.

57. Zaccari states that the terms of the Agreement speak for themselves and denies any allegation in Paragraph 57 inconsistent thereto.

58. Zaccari denies that he used any proprietary information of Apprio, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 58 inconsistent thereto.

59. Zaccari denies that he solicited or accepted any competing business from Apprio, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 59 inconsistent thereto.

60. Zaccari denies that his CRR Software is Apprio's proprietary information, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 60 inconsistent thereto.

61. Zaccari denies that he engaged and any unauthorized employment or business activity during his employment with Apprio, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 61 inconsistent thereto.

62. Zaccari denies that he was obligated to either provide or return anything to Apprio relating to his CRR Software, states that the terms of the Agreement speak for themselves, and further denies any allegation in Paragraph 62 inconsistent thereto.

63. To the extent the allegations in Paragraph 63 state a legal conclusion, no response is required. To the extent a response is required, Zaccari denies the allegations in Paragraph 63.

64. To the extent the allegations in Paragraph 64 state a legal conclusion, no response is required. To the extent a response is required, Zaccari states that the terms of the Agreement speak for themselves and denies any allegation in Paragraph 64 inconsistent thereto, and further denies the remaining allegations in Paragraph 64.

65. To the extent the allegations in Paragraph 65 state a legal conclusion, no response is required. To the extent a response is required, Zaccari states that the terms of the Agreement speak for themselves and denies any allegation in Paragraph 65 inconsistent thereto, and further denies the remaining allegations in Paragraph 65.

66. To the extent the allegations in Paragraph 66 state a legal conclusion, no response is required. To the extent a response is required, Zaccari denies the allegations in Paragraph 66.

## Count II – Declaratory Judgment

67. Zaccari realleges and incorporates the responses set forth in the proceeding paragraphs as though fully set forth herein.

68. To the extent the allegations in Paragraph 68 state a legal conclusion, no response is required. To the extent a response is required, Zaccari denies the allegations in Paragraph 68.

69. To the extent the allegations in Paragraph 69 state a legal conclusion, no response is required. To the extent a response is required, Zaccari denies that his CRR Software is a work made for hire, states that the terms of the Agreement speak for themselves and denies any allegation in Paragraph 69 inconsistent thereto, and further denies the remaining allegations in Paragraph 69.

70. Zaccari denies the allegations in Paragraph 70.

WHEREFORE, having fully answered the allegations asserted in the Complaint, Zaccari asserts the following defenses:

**AFFIRMATIVE DEFENSES**

1. Apprio failed to state a claim for which relief can be granted because Zaccari independently and exclusively created his CRR Software. Zaccari used his own computer, his own software, and publicly available documents to create and test his CRR Software. Zaccari's CRR Software also was not within the scope of his employment with Apprio. Zaccari's CRR Software automated DCMA's antiquated manual contract receipt and review process so that it could be performed on a single personal computer. The IWMS, however, was a web-based, electronic document workflow system that was intended to permit remote users to retrieve and manage assigned contract workloads using the secure online electronic document access system of the Department of Defense ("DoD"). Zaccari's CRR Software was also created in a completely different software environment than the IWMS, which was based on Appian, HP Trim, Java, and BPM software. *See* Exhibit A to the Complaint at pp.24 and 26 (Pages 23 and 25 of order no. S5121A-14-F-0025).

2. Apprio should be precluded from making a claim of ownership in Zaccari's CRR Software pursuant to violations of Federal Acquisition Requirement ("FAR") 9.5, 48 C.F.R. § 9.5,

*et seq.*, which provides that a government contractor is ineligible for contracts to implement its own recommendations and renders Apprio's claims void *ab initio* and/or void as against public policy. Prior to being awarded contract no. GS-06F-0925Z in 2014, Apprio had been awarded contracts to replace the electronic document workflow ("EDW") in 2011, the purpose for later implementing the IWMS. According to the DoD's Appointed Anti-Deficiency Act Preliminary Investigator, Elizabeth K. Smith:

> DCMA modified the [2011] Apprio contract in July 2012, to include "EDW replacement," the purpose for later implementing IWMS. Deliverables included "activity workflow, situational awareness and business application architecture" and tasks included "EDW conference room pilot" and "creating . . . and end state vision of EDW replacement." In other words, the outcome of this analysis was the foundation for the IWMS/BPMS requirements. Accordingly, Apprio should have been precluded from any further award of IWMS per FAR 9.5. Yet it was awarded 3 additional contracts in 2013, 2014, and 2015 to perform those requirements and implement the very solution it identified DCMA needed to replace the EDW and transform its IT architecture.

Annex A, p.3, to Smith Memo., "Report of Preliminary Review of Suspected Anti-Deficiency Act Violations Regrading Integrated Workload Management System (IWMS) Contracts," dated Sept. 27, 2017, a copy of which is attached as Exhibit 1. As Apprio's contracts with DCMA were void *ab initio* and/or void as against public policy, Apprio should be estopped from now relying on them as the basis for their claim to Zaccari's CRR Software.

   3. Apprio is precluded from bring a breach of contract claim under the Agreement pursuant to the doctrine of unclean hands. To the extent Zaccari's CRR Software is considered to have been incorporated into any Apprio work product, the Agreement required an authorized officer of Apprio to provide prior written consent before any Zaccari invention could be so incorporated. Agreement Section 2.2. But no authorized officer gave prior written consent to Zaccari before forcing him to give a copy of his CRR Software to the DCMA. Apprio also failed to give proper notice of any purported breach before filing its Complaint.

4. Apprio acquiesced to Zaccari's ownership of his CRR Software by acknowledging it was his before forcing him to give it to the DCMA. After reviewing a demonstration of Zaccari's CRR Software, Antoine McNeil asserted that its creation may be a violation of Apprio's task order. Concerned that McNeil's assertions may result in the termination of Apprio's contract, Apprio nevertheless forced Zaccari to send DCMA a copy of his CRR Software and ensured him that he would be moved to another project if Apprio lost its contract with DCMA. This never happened. Apprio terminated Zaccari's employment upon the cancellation of its contract with DCMA in May 2017.

5. Apprio has not been damaged by any purported breach by Zaccari. Even if Zaccari's CRR Software was considered to be Apprio's work product or a work made for hire, both of which Zaccari expressly denies, Apprio cannot claim any damages by the Government's use of it because the Government has either an express or implicit license to use software acquired though its contracts with Apprio. In addition, Apprio never paid Zaccari for his CRR Software and the Government was never billed for it.

6. Defendant reserves the right to rely on any affirmative defenses that may become available or apparent during discovery or trial of this matter, and reserves the right to assert those defenses as appropriate and amend the foregoing defenses.

WHEREFORE, Zaccari, by counsel, respectfully requests that Apprio's Complaint be dismissed with prejudice and Zaccari be awarded judgment in his favor and whatever other relief the Court deems appropriate.

Date:  November 1, 2018                    Respectfully submitted,

                                                       NEIL ZACCARI

                                                          /s/Kirk T. Schroder
                                                  Kirk T. Schroder (VSB No. 27469)
                                                  kschroder@schroderbrooks.com
                                                  SCHRODER BROOKS PLC
                                                  2310 West Main Street, Suite 108
                                                  Richmond, Virginia  23220
                                                  (T) 804-510-0700
                                                  (F) 804-510-0707

                                                  *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on November 1, 2018, I caused a copy of the foregoing memo to be filed electronically with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record as follows:

John R. Hutchins
jhutchins@bannerwitcoff.com
Christopher B. Roth
croth@bannerwitcoff.com
BANNER & WITCOFF, LTD.
1100 13th Street, NW Suite 1200
Washington, DC 20005

*Counsel for Defendant*

        /s/Kirk T. Schroder
Kirk T. Schroder (VSB No. 27469)
kschroder@schroderbrooks.com
SCHRODER BROOKS PLC
2310 West Main Street, Suite 108
Richmond, Virginia  23220
(T) 804-510-0700
(F) 804-510-0707

*Counsel for Plaintiff*