UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPRIO, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>NEIL ZACCARI,<br><br>    Defendant. | Civil Action No. 18-2180 (JDB) |

**FOURTH AMENDED SCHEDULING ORDER**

Upon consideration of [40] the parties' joint motion to modify scheduling order, and the entire record herein, it is hereby

**ORDERED** that the following schedule shall govern further proceedings:

1. Each side shall be limited to 25 hours of depositions on the record.

2. Responsive Rule 26(a)(2) disclosures shall be submitted by not later than May 10, 2021.

3. Discovery shall close on June 14, 2021.

4. Any dispositive motions shall be filed by not later than June 18, 2021. Any opposition to such motions shall be filed by not later than July 19, 2021. Any reply shall be filed by not later than August 16, 2021.

5. Pursuant to [10] the parties' initial joint meet-and-confer statement:

    a. The parties must take reasonable, good-faith steps to preserve potentially relevant electronically stored information ("ESI").

b. Absent a showing of good cause, ESI productions need not include metadata. Bates numbers shall be provided for each page of each document and/or attachment. Documents designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" under any protective order must be clearly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

c. All electronic materials produced in this action shall be exchanged electronically via secure FTP, flash drive, hard drive, password-protected email attachment (with the password provided separately), or a similarly secure method. To the extent a producing party provides electronically produced files in searchable format, the receiving party accepts the searchable portion of the file "as is," and the producing party accepts no liability as to the accuracy of searches conducted upon such files, provided the production complies with all aspects of this Order.

d. As a general rule, the producing party shall produce non-email ESI in PDF format. However, for certain documents originating in electronic format that can only be effectively used and understood in their native format (e.g., Excel files, .txt files, and media files), the production may be in native format. If good cause exists to request production of certain files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review. The request shall not be unreasonably denied. Native files shall be renamed to a unique Bates number that is sequential within a given document and across the production

sets, and the filename shall include the appropriate confidentiality designation (u.g., a prefix or suffix of "AEO"). For documents originating in paper format, the parties agree to scan such documents and exchange:

  i. .DAT files containing unique field delimiters and the following fields: (1) Beginning Production Number, (2) Ending Production Number, and (3) Confidentiality;

  ii. The corresponding scanned images in Bates-numbered single-page greyscale TIFF or JPEG format. However, if such images cannot be produced legibly in TIFF or JPEG format, they shall be produced in high-resolution PDF format, unless the producing party elects to produce the document(s) solely in native format. The parties shall accommodate reasonable requests for production of specific images in color (scanned or converted to JPEG using a high-quality setting) or production of the original document for inspection and copying, upon a showing that material, non-duplicative information is lost for lack of that color;

  iii. All images must be assigned a unique Bates number that is sequential within a given document and across the production sets;

  iv. A commercially acceptable technology for optical character recognition ("OCR") shall be used for all scanned, hard copy documents. OCR text shall be provided as a single multi-page text file for each document, and the filename should match its respective TIFF filename. The text files shall not contain the redacted portions of the documents.

e. A party is required to produce only a single copy of a responsive document, and a party shall make best efforts to de-duplicate responsive ESI (based on MD5 or SHA-1 hash values, or equivalents thereof, at the document level) across custodians.

f. Absent a showing of good cause, neither party shall be obligated to search for or produce data from: automated disaster recovery backup systems and/or disaster recovery backup tapes; RAM or temporary files; temporary internet files, history, cache, cookies, and other on-line access data; data in metadata fields that are updated automatically such as last-opened dates; data remaining from systems no longer in use that is unintelligible on the systems in use; residual, fragmented, damaged, permanently deleted, slack, and unallocated data; legacy computer systems; personal digital assistants; mobile devices; cell phones; USB flash drives, or the like; portable disks; voicemails; instant messages; cell phone text messages; or social media.

g. The parties agree that the general ESI productions described above shall not include email or other forms of electronic correspondence. To obtain email, the parties must propound specific email production requests. Email production requests shall be propounded only for specific issues, rather than general discovery of a product or business, and shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the intellectual property, accused instrumentalities, and the relevant finances. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper

search terms, and proper time frame. Each requesting party shall limit its email production requests to a total of four custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. Should a party serve email production requests for additional custodians beyond the limits set forth in this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery. Each requesting side shall limit its email production requests to a total of five search terms. The parties may jointly agree to modify this limit without the Court's leave. The search terms shall be narrowly tailored to particular issues, and the requesting party shall identify which of the search terms are applicable or not applicable to the custodians whose emails are being searched. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits set forth in this paragraph or subsequently agreed to by the parties, the requesting parties shall bear all reasonable costs

caused by such additional discovery.  Notwithstanding the foregoing, no party is prohibited from producing emails or affirmatively relying upon any emails that it has produced or otherwise obtained.

6. As to all other discovery issues not addressed in this Third Amended Scheduling Order, the parties must comply with the limitations and requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.  In the event that a discovery dispute arises, the parties shall make a good faith effort to resolve or narrow the areas of disagreement.  If the parties are unable to resolve the discovery dispute, the parties shall jointly call chambers at (202) 354-3430 before filing a discovery motion, at which time the Court will make a determination as to the manner in which it will handle the discovery dispute.

7. The status conference currently set for May 21, 2021 is hereby rescheduled for June 15, 2021 at 10:30 a.m. by telephone.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  April 27, 2021