UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPRIO, INC., <br><br>    *Plaintiff*, <br><br>v. <br><br>NEIL ZACCARI, <br><br>    *Defendant*. | Case No. 1:18-cv-2180-JDB <br><br> **Oral Argument Requested** |

**DEFENDANT NEIL ZACCARI'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING**
<u>**PARTIAL SUMMARY JUDGMENT ON CONTRACTUAL ASSIGNMENT OF RIGHTS**</u>

 /s/ *Kirk T. Schroder*
Kirk T. Schroder (VSB No. 27469)
kschroder@schroderbrooks.com
SCHRODER BROOKS PLC
2310 West Main Street, Suite 108
Richmond, Virginia 23220
(804) 510-0700 (T)
(804) 510-0707 (F)

*Counsel for Defendant Neil Zaccari*


HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW,
Washington, DC 20037
(202) 955-1500 (T)
(202) 778-2201 (F)

*Of Counsel for Defendant Neil Zaccari*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    A. The Opposition Fails to Dispute that the Agreement Does Not Apply Retroactively ................................................................................................. 2

    B. The Opposition failed to Identify any Evidence of Use of the Software by Zaccari ........................................................................................................... 4

III. CONCLUSION .................................................................................................................. 5

Defendant Neil Zaccari ("Zaccari") respectfully submits this Reply Memorandum in support of his Motion for Reconsideration of Court's Order Granting Partial Summary Judgment on Contractual Assignment of Rights (ECF 47) ("Motion"). Plaintiff Apprio, Inc. ("Apprio") filed its Opposition on July 30, 2021. (ECF 48.)

## I.   INTRODUCTION

Apprio begs the Court to ignore the obvious—that Apprio still has not identified any facts that the Court can properly rely upon as the basis for the Court's decision (ECF 45). The reason is simple—there are no such facts in the record. Mr. Zaccari's Motion identified two critical factual and legal errors in the Court's decision.

First, the Motion explained that the Court's decision has failed to determine the effective date of the Agreement. In response, Apprio attempts to rely on an incorrect definition for the term "My Services." (*Opp*. at 5.) Apprio's reading of the term My Services, however, is inconsistent with the actual use of the term in the agreement.

Second, the Motion explained that there is no evidence in the record that Mr. Zaccari ever used the CRR Software in connection with his employment. Apprio's Opposition confirms this fact because it fails to identify any evidence establishing that Mr. Zaccari actually used the CRR Software in his employment. (*Id*. at 13-14.)

For these reasons, the Court should grant Mr. Zaccari's Motion.

## II.   ARGUMENT

Contrary to Apprio's assertions, the current situation is exactly the sort of circumstance in which the Court should grant a motion for reconsideration.  Apprio claims that "there is no reasonable dispute that the CRR software for which Zaccari obtained registration [] was assigned to Apprio under the agreement." (*Id*. at 2.) The Motion, however, addresses actual errors of law in finding that the software in question was assigned by Mr. Zaccari to Apprio under the

Agreement.  Apprio attempts to steer the Court away from addressing the errors of law asserted by Zaccari in the Motion and asks to Court to adopt two "red herrings":

- "Zaccari first asserts that the Court failed to consider that Zaccari acknowledged the Agreement no later than June 15, 2016, and now argues that the Agreement has no effect to govern events occurring before June 15, 2016." (*Id*. at 1.)
- Zaccari's second argument on reconsideration is merely a rehash of his argument that [he] did not assign the CRR Software because he did not use it in connection with his employment." (*Id*. at 2.)

Rather than addressing the errors of law presented in the Motion, which provide a sufficient basis to modify and correct the Court's decision, Apprio resorts to misrepresenting the record. Apprio's misrepresentations, however, should be disregarded by the Court.

   **A.  The Opposition Fails to Dispute that the Agreement Does Not Apply Retroactively**

In the Motion, Zaccari explained that the effective date of the Agreement is ***critical*** because it determines the Agreement mechanism through which the ownership of the base code and the update may be transferred.[1] (*Mot*. at 4.)

The Court's decision fails to determine the effective date of the Agreement, and this is a clear error. In response, Apprio argues that the effective date of the Agreement is irrelevant because the Agreement governs the entire period of Zaccari's employment. (*Opp*. at 4.) In support for this argument, Apprio contents—albeit incorrectly—that the term My Services should be defined as "***[a]t all times during*** my employment." (*Id*. at 5.)

---

[1]  Apprio's Complaint is misleading where it states in paragraph 52 that: "Apprio and Zaccari entered into the Agreement, a copy of which is attached as Exhibit E, which is a valid contract supported by consideration, on or about November 2, 2015." (Emphasis Added.) However, we now know, as a result of discovery to date, through Apprio's own witness, Darryl Britt, by affidavit, sworn under oath, that the Agreement was acknowledged by Mr. Zaccari on June 15, 2016. (ECF 31-15, Ex. K.)

Apprio's argument, however, is inapposite for a simple reason—Apprio incorrectly reads the temporal phrase "at all times" into the definition of My Services. The correct reading of My Services should interpret the term only as a *service* without any temporal scope, and thus, My Services can only refer to "my employment," as provided in paragraph 1.1 of the Agreement. (ECF 31-14 at 2.) This reading is also consistent with the actual use of the term in the Agreement. Indeed, in numerous provisions, the relevant timeframe for My Services is explicitly stated before the term is referenced. (*See, e.g.*, *id.* at 2 ("**During the term** of My Service"); 3 ("**in the course** of My Service"); 3 ("**during the period** of My Service"); 3 ("**for the period** of My Service and for two (2) years after").) It would be absurd to specify any timeframe for My Services if the term actually defined an effective timeframe. As such, the language of "[a]t all times" only applies to paragraph 1.1 of the Agreement and no other paragraph.

Moreover, the Agreement contains a choice of law clause that states the contract "will be governed by and construed according to the laws of the District of Columbia . . . ." (*Id*. at 4.) "[S]tate law principles govern construction of contracts, and other copyright-related matters, such as determination of ownership by transfer (outside an infringement action), are generally for the state courts." *Nat'l Broad. Co. v. Copyright Royalty Tribunal*, 848 F.2d 1289, 1295 (D.C. Cir. 1988).

Under D.C. law, a contract whereby an employee assigns to his/her employer the right to any inventions that he/she creates does not apply to inventions the employee created prior to the execution of the contract. *See Fox v. Kingsland*, 81 F. Supp. 433, 438 (D.D.C 1948), *aff'd sub nom. Marzall v. Fox*, 180 F.2d 45 (D.C. Cir. 1950); *see also Bailey v. Chattem, Inc.*, 684 F.2d 386, 391 (6th Cir. 1982). Moreover, the agreement cannot apply retroactively to deny Zaccari of the rights or benefits that he accrued prior to the date that he entered into the contract. *See Nattah v.*

*Bush*, 605 F.3d 1052, 1057-58 (D.C. Cir. 2010); *Peck v. SELEX Sys. Integration, Inc.*, 270 F. Supp. 3d 107, 114 (D.D.C. 2017), *aff'd*, 895 F.3d 813 (D.C. Cir. 2018); *see also Shelton v. The Ritz Carlton Hotel Co., LLC*, 550 F. Supp. 2d 74, 79 (D.D.C. 2008), *modified on other grounds on reconsideration*, No. CV 07-2171 (RMC), 2008 WL 11492751 (D.D.C. June 17, 2008). In the absence of such language, a contract between an employer and employee operates only prospectively. *Id.* Here, the Agreement does not require retroactive application of its provisions. Hence, the Agreement should be deemed to operate solely on a prospective basis.

Moreover, even if the Court is inclined to define My Services to include "[a]t all times," the term is ambiguous—at best. *See Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010). Like this case, *Mattel* also concerned an employee invention agreement. There, the court stated: "The phrase 'at any time during my employment' is ambiguous." *Id.* at 912. Thus, extrinsic evidence of the parties' intent was required to resolve the ambiguity. The court went on to find that "[b]ecause the agreement's language is ambiguous and some extrinsic evidence supports each party's reading," summary judgment could not be properly entered on the issue. *Id.* at 913.

**B.    The Opposition failed to Identify any Evidence of Use of the Software by Zaccari**

The Motion explained that Zaccari never used the CRR Software in his employment, and therefore, he is not under any obligation to assign the CRR Software (or at least the base code) to Plaintiff. (*Mot*. at 5.) The Motion further explained that the undisputed evidence in the record clearly shows that Zaccari ***never*** used either the CRR Software or the base code in connection with his employment. (*Id.*) In response, Apprio states that Zaccari provided the software to DCMA when his supervisor at work instructed him to do so. (*Mot*. at 13.) Apprio also points out that CRR Software was made a condition of Zaccari's employment. (*Id.*)

- 4 -

Apprio, however, does not explain how turning over a software to an employer is ***using*** the software in connection with an employee's employment. Apprio seems to suggest that Zaccari turned over his software as part of his routine job duties. However, Zaccari only surrendered his software under threat of loss of employment. And he ***never used*** the software in connection with his employment. In fact, Apprio has not even shown that anyone else at Apprio used the software because the software was simply turned over to the government.

In short, the CRR Software is not a Prior Invention under the Agreement and cannot be assigned to Apprio as a matter of fact or law.[2]

### III. CONCLUSION

For the foregoing reasons and the reasons provided in the Motion, Mr. Zaccari respectfully requests that this court reconsider its June 1, 2021 Order and deny Plaintiff's Motion for Partial Summary Judgment on Contractual Assignment of Rights.

---

[2] In addition, concluding that the CRR Software was incorporated into Zaccari's work product for Apprio ignores the alleged infringement of the CRR Software by Discover Technologies and DCMA, which is the only work product by anyone that it was incorporated into.

Dated: <u>August 20, 2021</u>                                    Respectfully Submitted,

  /s/ *Kirk T. Schroder*
Kirk T. Schroder (VSB No. 27469)
kschroder@schroderbrooks.com
SCHRODER BROOKS PLC
2310 West Main Street, Suite 108
Richmond, Virginia 23220
(804) 510-0700 (T)
(804) 510-0707 (F)

*Counsel for Defendant Neil Zaccari*


HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW,
Washington, DC 20037
(202) 955-1500
(202) 778-2201

*Of Counsel for Defendant Neil Zaccari*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 20, 2021, I filed a true and correct copy of the foregoing document via the Court's electronic-filing system, which will send electronic notification of such filing to all counsel-of-record in this action.

    /s/ *Kirk T. Schroder*
Kirk T. Schroder (VSB No. 27469)
kschroder@schroderbrooks.com
SCHRODER BROOKS PLC