IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPRIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEIL ZACCARI, <br><br> Defendant. | Civil Action No. 1:18-cv-2180-JDB |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR AN ORDER DIRECTING ENTRY OF FINAL
JUDGMENT AND STAYING FURTHER PROCEEDINGS**

As directed by the Court's Order, entered September 20, 2021, Defendant, Neil Zaccari ("Zaccari"), by counsel, submits this reply memorandum in support of his motion for an order directing entry of final judgment and staying further proceedings (ECF No. 53) (the "Motion).

**I.      INTRODUCTION**

There is no dispute that Zaccari developed a software program and registered it with the U.S. Copyright Office, Reg. No. TXu 2-0820-202 (the "CRR Software"). What is disputed, however, is the ownership of the CRR Software and whether the document titled "Proprietary Information and Assignment of Inventions Agreement" (the "Apprio Terms") was ever signed by Zaccari or is a sufficient writing to assign his rights in the CRR Software to Apprio.

There also is no dispute that Zaccari relentlessly has argued that he alone owns the CRR Software and that Apprio did not acquire any ownership rights in or to the CRR Software by either operation of law or contract, as it was developed prior to his employment with Apprio and never incorporated into his work product as an employee of Apprio. Further, there can be no dispute that Zaccari received no direct compensation for the CRR Software and developed substantial

portions of it before his employment with Apprio, which ultimately has been enormously valuable to the federal government. Indeed, the pilfering of his intellectual property is precisely why Zaccari filed a counterclaim seeking a declaration regarding the assignment/ownership of the CRR Software (ECF No. 20).

Apprio cannot dispute that, under the Copyright Act, a copyright registration certificate constitutes *prima facie* evidence of a valid copyright. *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate."). Further, Apprio must concede that the Copyright Act requires that an assignment of a valid copyright "is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and *signed by the owner of the rights conveyed*[.]" *Id.* at 204(a) (emphasis added).

Yet, without an evidentiary hearing or even an opportunity to be heard, on June 21, 2021, this Court granted Apprio's motion for partial summary judgment (ECF No. 44). In its Memorandum Opinion, the Court found Apprio established that: (1) there is no genuine dispute of material fact that the parties entered into a binding contract, the Apprio Terms; and (2) Zaccari assigned his proprietary rights in the CRR Software to Apprio pursuant to the Apprio Terms. Op. at 24 (ECF No. 45). In its June 21, 2021 Order and Opinion, this Court disposed of Zaccari's Counterclaim and the *prima facia* evidence of his property rights in and to the CRR Software. The Court then, by Order entered August 27, 2021 (ECF No. 50), denied Zaccari's motion for reconsideration of its June 21 Order and Opinion (collectively, the "Rulings").

As this Court is aware, Zaccari respectfully contends that the Rulings are improper, erroneous, and contrary to well established law regarding copyright assignment/ownership, his

fundamental property rights, and his purported assent to be bound by the Apprio Terms. In its Opposition, Apprio completely disregards the depravation of Zaccari's property rights in the CRR Software that will result when and if this case ever reaches a final judgment. Contrary to Apprio's assertions, Zaccari simply seeks to avail himself of a remedy afforded by Federal Rule of Civil Procedure 54(b) and requests the Court to certify the Rulings for appeal before the parties or the Court are required to expend time and resources trying claims before this Court, which may not remain following appeal.

Zaccari has been stripped of his ownership of the CRR Software, for which he provided *prima facia* evidence of ownership and validity, in violation of the plain provisions of the Copyright Act requiring an assignment of copyright ownership to be both in writing and signed. Indeed, there is no binding or even persuasive authority under the E-Sign Act, or otherwise, to support Apprio's proposition that an e-mail exchange in which an employee "acknowledges" receipt of a contract that is never signed by the employee satisfies the strict requirements to transfer ownership under the Copyright Act. *See*, *e.g.*, *Jin v. Parsons Corp.*, 966 F.3d 821, 828 (D.C. Cir. 2020) (concluding genuine issue of material fact existed as to whether employee assented to arbitration agreement in e-mails from his employer and held employer's motion to compel arbitration in abeyance pending that trial). Certifying the Rulings for appeal will either conclude this matter in its entirety or, alternatively, significantly narrow the issues before this Court.

For the reasons outlined above and those that follow, this is indeed an exceptional case. Accordingly, Zaccari respectfully requests that the Motion be granted.

## POINTS OF LAW AND AUTHORITY

**A. THERE IS NO DISPUTE THAT THE RULINGS ARE FINAL AS TO COUNT II AND THE COUNTERCLAIM**

Although the parties disagree about whether certification under Rule 54(b) is appropriate, they agree that the Rulings are final with respect to Count II and the Counterclaim. Rather than contesting the finality of Count II and the Counterclaim, Apprio asserts that there are no exceptional circumstances warranting an exception to the final judgment rule. As noted by Apprio,

> [T]he thrust of Rule 54(b) is to mitigate the danger of hardship resulting from a delay of appeal until the whole action is concluded and to enable a party to file an appeal sooner than would otherwise be available by waiting for a final judgment on all claims against all parties on the lawsuit.

Opp. 4 (citing *Stewart v. Gates*, 227 F.R.D. 33, 35 (D.D.C. 2011). Apprio's reliance on *Stewart* is misplaced. In that case, "defendants [] sought entry of final judgment as to them under Rule 54(b) presumably not to appeal their dismissal but rather to prevent the Court from revising its orders on those motions." *Id.* at 37. By contrast, this Court already declined to reconsider the June 21, 2021 Order and Opinion and Apprio does not and cannot contest that the Rulings are final as to Count II and the Counterclaim. Zaccari fully intends to pursue an appeal and argues that an immediate appeal will create efficiency and certainty for the parties and the Court.

For these reasons, the Court's Rulings are final for purposes of Rule 54(b) with respect to Count II and the Counterclaim.

**B. THERE IS NO JUST REASON TO DELAY ENTRY OF FINAL JUDGMENT AS TO COUNT II AND THE COUNTERCLAIM IN THE RULINGS**

Apprio asserts that none of the *Allis-Chalmers* factors support entering final judgment as to the Rulings. Opp. 5. As explained below, Apprio mistakenly relies on nonbinding and distinguishable authorities and makes irrational and untenable arguments regarding several factors.

1.   **THE RELATIONSHIP BETWEEN THE ADJUDICATED CLAIMS AND UNADJUDICATED CLAIMS**

Apprio asserts that the same operative facts upon which the Court relied to decide the Rulings also permit the resolution of Count I. Opp. 4–5. Apprio is incorrect and overlooks the additional elements required to prevail on a breach of contract claim under District of Columbia law. As noted in the Motion, the breach of contract claim in Count I: (i) seeks to enforce rights that are different from the declaratory relief sought in Count II and the Counterclaim; and (ii) includes two additional elements—breach and damages. Motion 5–6. As noted by the Court, the Rulings did not reach all four elements or otherwise dispose of Apprio's Count I for breach of contract. Op. 8 (ECF No. 45). In addition, Apprio itself acknowledges that the unadjudicated claim in Count I is different than the claims in Count II and the Counterclaim, both of which Apprio considers resolved by the Court's ruling on partial summary judgment. Am. Jt. Status Rpt. at 1–2 (ECF No. 52). In other arguments, Apprio also acknowledges that there is something more to Count I that needs to be resolved. Opp. 8 (". . . the fact remains that Apprio should be allowed to finish what little discovery remains and move for summary judgment as to Count I[.]").

Apprio's assertion that "Zaccari admits that the Court has already found that count II of the complaint and his counterclaim are not distinctly separate from count 1 of the complaint[,]" confuses the elements of the claim in Count I with the declaratory relief sought in Count II and the Countercliam. *Id.* at 4. The Rulings merely found that an agreement existed between Apprio and Zaccari but did not address whether Zaccari breached any such agreement or the extent to which Apprio is entitled to any damages. Apprio also incorrectly asserts that "Apprio's breach of contract claim in Count I will present *the same issue* on which Zaccari seeks an interlocutory appeal." Opp. 6 (emphasis added). While some of the facts relevant to the first two elements of Apprio's breach of contact claim may be relevant to determining the parties' proprietary rights to the CRR

Software, the ownership and assignment of those rights are also governed by the Copyright Act, namely, 17 U.S.C. §§ 201(a), (b), and (d), and the Copyright Act's statute of frauds, 17 U.S.C. § 204(a).  Therefore, there is not an intertwined nexus of fact and law between Apprio's breach of contract claim in Count I and the declaratory relief sought in Count II and the Counterclaim.

The authority cited by Apprio also does not support the proposition that the claims in Count I, Count II, and the Counterclaim are intertwined.  For example, Apprio relies on *Bldg. Indus. Ass'n of Superior California v. Babbitt*, 161 F.3d 740, 745 (D.C. Cir. 1998) ("*BIA*"), to argue certification under Rule 54(b) is not appropriate in this case.  Opp. 5.  The claims in *BIA* involved the "decision of the United States Fish and Wildlife Service ("FWS") to list as endangered or threatened under the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.* ("ESA"), four different species of "fairy shrimp."  *Id.* at 741.  "The ESA states that at the same time the Secretary is making this listing decision, the Secretary must, 'to the maximum extent prudent and determinable,' designate a 'critical habitat' for the listed species."  *Id.* at 742 (citation omitted).  FWS did not, however, "designate a critical habitat for the fairy shrimp species it had listed."  *Id.*  According to the D.C. Circuit, "[i]t appears to us that these two decisions . . . arise from a nexus of fact and law so intertwined that if we decide the one now, we may nonetheless face many of the same questions in determining the other later."  *Id.* at 745 (citation omitted).  Unlike the intertwined regulations and statues of the ESA, the causes of action in this case for a breach of contract in Count I and the declaratory relief in Count II and the Counterclaim are separate and distinct.

Moreover, Apprio' reliance on *The Knit With v. Knitting Fever, Inc.* is misplaced, as that complaint presented "a multitude of theories resting on a single core of operative facts[.]"  No. CIV.A. 08-4775, 2009 WL 1459565, at *4 (E.D. Pa. May 21, 2009).  Here, Apprio will have to prove additional and different facts to succeed on its breach of contract claim in Count I.  By way

6

of example, Apprio must prove that some conduct of Zaccari, other than his efforts to protect his intellectual property rights, breached any such agreement.  Apprio also must satisfy a fact finder of its entitlement to damages.

For these reasons, the adjudicated claims in Count II and the Counterclaim, and unadjudicated claims in Count I represent distinct issues of fact and law and certifying the Rulings as final under Rule 54(b) is appropriate.

### 2. FUTURE DEVELOPMENTS IMPACTING A NEED FOR FURTHER REVIEW ARE UNLIKELY

Apprio does not appear to specifically address this factor, but does assert that the Rulings "have already proven the only factually-disputed elements Apprio must prove with respect to its remaining claim . . . ."  Opp. 7.  As discussed in detail above and as Apprio acknowledges, more discovery is required as to its allegations in Count I.  *Id.* at 8.  In the absence of any anticipated future developments that supply a justifiable reason to delay entry of final judgment as to Counts II and the Counterclaim in the Rulings, certification under Rule 54(b) is appropriate.

### 3. THE APPELLATE COURT WILL NOT BE OBLIGED TO CONSIDER ANYTHING TWICE

Apprio asserts that it is clear from the Motion that an appellate court would have to review "the same issue a second time," because "Zaccari intends to appeal the Rulings either now or after a trial on Apprio's breach of contract claim."  Opp. 6.  Apprio then echoes its conclusion that "Count I will present the same issue on which Zaccari seeks an interlocutory appeal."  *Id.*  This conclusion is without merit and, as explained above, disregards the obvious differences in the elements of a claim for breach of contract and the declaratory relief sought in Count II and the Counterclaim.  Apprio's assertions and conclusions regarding this *Allis-Chalmers* factor also contradict the law-of-the-case doctrine.  *See Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739

(D.C. Cir. 1995) ("'Law-of-the-case doctrine' refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as the law of the case) by that court or a higher one in earlier phases.  When there are multiple appeals taken in the course of a single piece of litigation, law-of-the-case doctrine holds that decisions rendered on the first appeal should not be revisited on later trips to the appellate court.").

Absent Apprio producing a copy of the Apprio Terms that is both actually signed by Zaccari and which pre-dates his creation of the CRR Software, it is improbable that the appellate court will be obliged to consider the issues of assignment and ownership a second time should the case be remanded and Zaccari appeal after a trial.  Thus, this factor supports that there is no just reason to delay an appeal of the Rulings.

### 4. THERE IS NO SET-OFF AVAILABLE FOR COUNT II OR THE COUNTERCLAIM

Apprio does not appear to specifically address this factor.  In the absence of any set-off available for Count II or the Counterclaims, this factor supports certification of the Rulings under Rule 54(b).

### 5. OTHER FACTORS FAVOR ENTERING FINAL JUDGMENT

Other, critical, factors that support entering final judgment as to Count II and the Counterclaim in the Rulings include judicial expediency and lack of a just reason for delay.  Apprio asserts that there is a risk of "a second appeal on some or all of the remaining issues will be filed, resulting in judicial inefficiency." Opp. 8–9.  This assertion ignores the law-of-the-case doctrine regarding any determination the D.C. Circuit makes on an appeal of the Rulings and is discussed above.

The efficiencies gained by permitting Zaccari to appeal the disposition of Count II and the Counterclaim in the Rulings include the potential that no subsequent trial is needed, or at least the issues required for Apprio to prevail on Count I are narrowed. Moreover, since the trial of this matter is not scheduled, Apprio would not conceivably be prejudiced by Zaccari's appeal of the Rulings.

The authority cited by Apprio for this *Allis-Chalmers* factor is distinguishable because the trial was already scheduled in each of those cases. *Guy Carpenter & Co. v. John B. Collins Assocs., Inc.*, No. CIV 05-1623 JRT/FLN, 2006 WL 3627022, at *1 (D. Minn. Dec. 12, 2006) (trail imminent); *Vannest v. Sage, Rutty & Co.*, 8 F. Supp. 2d 243, 245 (W.D.N.Y. 1998) (trial less than five months away); *Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co., LP*, No. CV 12-859, 2016 WL 7231893, at *2 (E.D. Pa. Dec. 14, 2016) (appellate decision not expected before scheduled trial). Since this case has not been set for trial, it could not be more timely for this Court to certify the appeal the Rulings under Rule 54(b).

In summary, certification under Rule 54(b) is supported by the *Allis-Chalmers* factors, as this is an exceptional case. There also is no dispute that the Rulings are final as to Count II and the Counterclaim. For all the foregoing reasons, the Court should enter final judgment on Count II and the Counterclaim and certify the Rulings for immediate appeal.

**C.     STAYING THE PROCEEDINGS IS APPROPRIATE**

    **1.     APPRIO CITES THE WRONG STANDARD TO EVALUATE A STAY OF THE PROCEEDINGS IN THIS CASE**

Despite the Motion noting the inherent power of a district court to stay any proceeding before it and its task to "weigh competing interests and maintain an even balance," Mot. 4–5 (citing *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 88 (D.D.C. 2017)), Apprio baselessly claims "Zaccari [did] not mention the appropriate factors[]" to evaluate a stay of the proceedings

9

in this case. Opp. 10. Apprio contends there are four factors a court must consider "[w]hen evaluating a motion for a stay pending appeal[.]" *Id.* Apprio incorrectly asserts that the four factors for a motion to stay an order or injunction are applicable to evaluating a stay of further proceedings, as sought by the Motion. Contrary to Apprio's assertions, that four factor standard is applicable when there is a request to stay a district court's injunction, judgment, or final order pending an appeal of the same case. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (2009) (stating that "[d]ifferent Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal" but, "[u]nder both Rules, . . . the factors regulating the issuance of a stay are generally the same"—similar to the preliminary injunction factors); *see also Wrenn v. D.C.*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016) ("At the outset, it is important to emphasize, . . . that [the movants] are requesting a stay of further proceedings in this case, not a stay of this Court's prior Order."). Instead, this Court has said that whether a stay should issue for an interlocutory appeal depends on weighing and balancing the following factors: "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019).

    **2.    COUNT I SHOULD BE STAYED DURING AN APPEAL OF THE RULINGS**

        **a.    APPRIO WILL NOT BE HARMED IF THE PROCEEDINGS ARE STAYED**

Apprio asserts that it "has waited years for the resolution of its claims against Zaccari and spend hundreds of thousands of dollars in legal fees (which it is entitled to recover from Zaccari)." Opp. 8. Apprio then presumptively concludes that "'[b]efore engaging in a fruitless appeal, Apprio should be able to collect the fees it has already accrued." *Id.* at 8. This case, however, has not yet

been set for trial and Apprio has not established any entitlement to damages. Other than the presumption that it will prevail on Count I, either at trial or by summary judgment, Apprio will not be harmed if the proceedings are stayed pending an appeal of the Rulings.

Apprio's reliance on *23andMe, Inc. v. Ancestry.com DNA, LLC*, No. 18-CV-02791-EMC, 2018 WL 5793473, at *3 (N.D. Cal. Nov. 2, 2018), is misplaced. In that case, staying the proceedings would have prevented the non-movant from moving forward with a counterclaim, which it intended to do once the Rule 54(b) movant filed an amended complaint and was permitted by that court's earlier order on the non-movant's motion to dismiss. *Id.* Moreover, the *23andMe* court actually granted the movant's Rule 54(b) motion to certify the dismissal of its patent infringement claim. *Id.*

### b. ZACCARI WILL BE HARMED IF THE PROCEEDINGS ARE NOT STAYED

Zaccari will be harmed if the proceedings are not stayed because he has been wrongly deprived of his ownership in the CRR Software and will be forced to defend against claims arising from a contract to which he did not assent. Presuming the Court grants the Motion but denies a stay, Zaccari would also be harmed because he would be forced to continue litigating Count I in this Court and Count II and the Counterclaim in the appellate court.

### c. A STAY WILL PROMOTE EFFICIENCY

As previously noted in the Motion, the same considerations that compel certification of the Rulings as to Count II and the Counterclaim support staying Count I. No trial has been set. Since the realized harm to Zaccari is greater than any theoretical potential harm to Apprio, a stay of the proceedings is appropriate until the appeal of the Rulings as to Count II and the Counterclaim is complete. Indeed, conclusively resolving Count II and the Counterclaim before continuing to litigate Count I would be the most efficient use of the resources of both the Court and the parties.

## CONCLUSION

For the foregoing reasons, Zaccari respectfully requests that the Court exercise its broad discretion under Rule 54(b) and direct entry of final judgment with respect to its rulings on partial summary judgment and reconsideration (ECF Nos. 44, 45, and 50). Zaccari further requests that the Court also enter an order staying all further proceedings in this Court as to Count I until an appeal is heard and decided regarding those rulings.

Dated: October 1, 2021                    Respectfully submitted,

                                         **NEIL ZACCARI**

                          By:      Counsel

                                        /s/Kirk T. Schroder
                                        Kirk T. Schroder (VSB No. 27469)
                                        SCHRODER BROOKS L F PLC
                                        2310 West Main St., Suite 108
                                        Richmond, Virginia 23220
                                        Telephone:  804-510-0700
                                        Facsimile:  804-510-0707
                                        kschroder@schroderbrooks.com

                                        Charles B. Molster, III
                                        THE LAW OFFICE OF CHARLES B. MOLSTER, III
                                        2141 Wisconsin Ave., Suite M
                                        Washington, D.C. 20007
                                        cmolster@molestar.law.com

                                        *Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on October 1, 2021, I caused the foregoing motion to be electronically filed on the Court's CM/ECF system, which will cause a copy to be served on the following:

John R. Hutchins
Christopher B. Roth
BANNER & WITCOFF, LTD.
1100 13th St., NW Suite 1200
Washington, DC 20005
jhutchins@bannerwitcoff.com
croth@bannerwitcoff.com

*Counsel for Plaintiff/Counterclaim Defendant*

/s/Kirk T. Schroder
Kirk T. Schroder (VSB No. 27469)
SCHRODER BROOKS L F PLC
2310 West Main St., Suite 108
Richmond, Virginia 23220
Telephone:  804-510-0700
Facsimile:  804-510-0707
kschroder@schroderbrooks.com

Charles B. Molster, III
THE LAW OFFICE OF CHARLES B. MOLSTER, III
2141 Wisconsin Ave., Suite M
Washington, D.C. 20007
cmolster@molestar.law.com

*Counsel for Defendant*