UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPRIO, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NEIL ZACCARI,<br><br>    Defendant. | Civil Action No. 18-2180 (JDB) |

**MEMORANDUM OPINION AND ORDER**

Defendant Neil Zaccari has filed a motion under Federal Rule of Civil Procedure 54(b) asking this Court to enter a final judgment in favor of Plaintiff Apprio, Inc. ("Apprio") on Apprio's declaratory judgment claim and Zaccari's counterclaim. Def.'s Mot. for an Order Directing Entry of Final J. & Staying Further Proceedings ("Mot.") [ECF No. 53] at 4–8. Zaccari also requests that this Court stay Apprio's separate breach of contract claim pending appeal of the claim and counterclaim that are the subject of Zaccari's motion. Id. at 9. Because the breach of contract claim is not a "distinct" claim within the meaning of Rule 54(b), and because the balance of sound judicial administration and of justice to the litigants does not favor entry of an order of final judgment prior to resolution of the remaining claim, the Court will deny Zaccari's Rule 54(b) motion. Furthermore, the Court will deny as moot Zaccari's motion to stay proceedings pending appeal.

**Background**

As described more fully in this Court's June 1, 2021 Memorandum Opinion, Apprio employed Zaccari from 2015 to 2017, during which time Zaccari developed the CRR Software that is central to this dispute. Memorandum Opinion ("Mem. Op.") [ECF No. 45] at 2–3. On or

1

before June 15, 2016, Zaccari was presented with a document titled "Proprietary Information and Assignment of Inventions Agreement" (the "Agreement"). Id. at 2. Zaccari acknowledged receipt of the Agreement. Id. The Agreement required that Zaccari "assign and agree to assign in the future to Apprio all of the employee's right, title and interest in and to any and all Inventions (and all Proprietary Right with respect thereto," subject to certain specified exceptions. Id. at 3 (cleaned up).

On September 21, 2018, Apprio filed suit alleging that Zaccari breached the Agreement with Apprio by failing to assign rights in the CRR software to Apprio, asserting ownership over the CRR software, submitting copyright registration in the CRR software in Zaccari's own name, retaining the CRR software after his employment was terminated, suing Apprio and various third parties for copyright infringement and trade secret misappropriation, and soliciting additional compensation regarding the CRR software. Compl. [ECF No. 1] at 14–15. Apprio also sought a declaratory judgment that "Zaccari is not the owner of and has assigned to Apprio the CRR software and all intellectual property rights to the CRR software, including any copyrights in the CRR software." Id. at 16–17. In his counterclaim, Zaccari sought a declaratory judgment that "he is the owner of the CRR Software and that it was neither assigned to Apprio under the Apprio Agreement nor by operation of law." Def.'s Countercl. [ECF No. 20] at 12.

This suit is the sole remaining case between the parties. Although this Court previously consolidated two cases between Zaccari and Apprio—one where Zaccari was the plaintiff and this case where Apprio is the plaintiff—see Order, Jan. 11, 2019, Zaccari v. Apprio, Inc., No. 18-cv-1560 [ECF No. 15], the cases were deconsolidated after this Court dismissed Zaccari's complaint in its entirety, see Order, Aug. 27, 2019 [ECF No. 15] at 1–2. Zaccari did not appeal that decision.

Apprio filed a motion for partial summary judgment "regarding the contractual assignment of any rights Zaccari has in the CRR Software, including assignment of all rights Zaccari may have in" his copyright registration. Apprio Inc.'s Mot. for Summ. J. on Contractual Assignment of Rights [ECF No. 31] at 1. On June 1, 2021, the Court granted Apprio's partial summary judgment motion and found that there is no genuine dispute of material fact that the parties entered into a binding contract and that Zaccari assigned his proprietary rights in the CRR Software to Apprio pursuant to the Agreement. Mem. Op. at 24; Order [ECF No. 44]. The Court subsequently denied Zaccari's motion for reconsideration of the Court's partial summary judgment order. Order [ECF No. 50] at 7. On October 1, 2021, Zaccari filed the instant motion for entry of a final judgment under Rule 54(b) and for a stay of proceedings pending appeal. Mot. at 9.

## Analysis

### I. CERTIFICATION OF THE PARTIAL SUMMARY JUDGMENT ORDER AS FINAL

Generally, an order in a case involving multiple claims is not final until the district court has "disposed of all claims against all parties." Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 221 (D.C. Cir. 2011). Under Federal Rule of Civil Procedure 54(b), however, a court may "direct entry of a final judgment as to one or more, but fewer than all, claims" if the court expressly finds "that there is no just reason for delay." Fed. R. Civ. P. 54(b). This exception permits courts to balance "the demonstrated need for flexibility in providing for appellate review in complex cases" with the goal of avoiding "piecemeal appellate review." Blue v. D.C. Pub. Schs., 764 F.3d 11, 15–16 (D.C. Cir. 2014) (citation and internal quotation marks omitted). But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). "It is left to the sound judicial discretion of the district court to

determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Id. (citation omitted).

Rule 54(b) "establishes three requirements for an otherwise interlocutory order to be certified as a final judgment." Attias v. CareFirst, Inc., 969 F.3d 412, 417 (D.C. Cir. 2020). "(1) the order must resolve a distinct 'claim for relief'; (2) the order must be 'final' with respect to that claim; and (3) the district court must permissibly determine that there is 'no just reason for delay' in entering judgment." Id. (citation omitted). The first two requirements together serve a jurisdictional function: if there is no final judgment on one or more distinct claims, the court of appeals cannot have jurisdiction. See id. If the jurisdictional requirements are met, the court must then "weigh[] both 'justice to the litigants' and 'the interests of sound judicial administration'" to determine whether there is "no just reason for delay" in entering the judgment. Brooks v. Dist. Hosp. Partners, 606 F.3d 800, 806 (D.C. Cir. 2010) (quoting Curtiss-Wright Corp., 446 U.S. at 6, 8). The factors pertaining to "justice to the litigants" are case-specific, id., while the factors pertaining to judicial administration include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp., 446 U.S. at 8. Balancing these factors is left to the court's discretion. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956). No one factor is dispositive, but where any of the factors pertaining to judicial administration point against certification, the court may not certify a final judgment under Rule 54(b) unless it "find[s] a sufficiently important reason for nonetheless granting certification." Curtiss-Wright Corp., 446 U.S. at 8 n.2.

**A. Final, Distinct Claim for Relief**

Zaccari asserts that the partial summary judgment order resolved in Apprio's favor both its declaratory judgment claim and Zaccari's counterclaim; hence, finality for Rule 54(b) purposes "cannot be disputed." Mot. at 5. Apprio takes Zaccari at his word and does not appear to dispute this assertion.[1] But even if the parties agree that there is a final judgment for Rule 54(b) purposes, a final judgment <u>on a distinct claim</u> is a jurisdictional prerequisite to the D.C. Circuit entertaining an appeal. As such, this Court must satisfy itself that there is indeed a final judgment on a distinct claim irrespective of the apparent agreement of the parties.

Fatally to Zaccari's motion, there is no final judgment on a distinct claim for Rule 54(b) purposes. The case law has not been clear on whether "distinctness" of the claims should be considered in the jurisdictional steps, or whether the level of "separateness" between the remaining claims and the certified claims is relevant only at the third step—in analyzing the factors pertaining to sound judicial administration. <u>Compare</u> <u>Tolson v. United States</u>, 732 F.2d 998, 1001–02 (D.C. Cir. 1984) (considering whether claims were "separate" at the jurisdictional steps), <u>with</u> <u>Bldg. Indus. Ass'n of Superior Cal. v. Babbitt</u>, 161 F.3d 740, 744–45 (D.C. Cir. 1998) (considering whether claims were "separate" at the "no just reason for delay" step). The most recent pronouncement, however, considered distinctness at the jurisdictional steps. <u>See</u> <u>Attias</u> 969 F.3d at 417–18. This Court, therefore, will do the same. <u>Cf., e.g.</u>, <u>Brewster v. Comm'r</u>, 607 F.2d 1369, 1373 (D.C. Cir. 1979) (per curiam) ("[S]tare decisis demands that we abide by a recent decision of one panel of this court unless the panel has withdrawn the opinion or the court <u>en banc</u> has overruled it.").

---

[1] Apprio does not address finality in its opposition to Zaccari's motion. <u>See</u> Pl.'s Mem. in Opp'n to Zaccari's Mot. ("Opp'n") [ECF No. 54] at 2–4. Apprio cites the D.C. Circuit's decision in <u>Building Industry Ass'n of Superior California v. Babbitt</u>, 161 F.3d 740 (D.C. Cir. 1998), to argue that the claims are intertwined and therefore not appropriate for certification under Rule 54(b). Opp'n at 4–5. But that case addressed whether claims are separate at the third step—existence of just reason for delay—after concluding a decision was "final" for Rule 54(b) purposes. <u>See</u> 161 F.3d at 744–45.

5

Zaccari argues that the Court's partial grant of summary judgment to Apprio is final as to Apprio's declaratory judgment claim and Zaccari's counterclaim because this Court's partial summary judgment order "resolved all issues regarding" those claims, so "[a]ll that remains to be decided is whether Mr. Zaccari's actions have breached the [contract] . . . and the amount of damages to be awarded Apprio." Mot. at 5 (quoting Am. Joint Status Report [ECF No. 52] at 1–2). And if that were all that Rule 54(b) required, Zaccari might well be right. To be "final," however, the certified claims must be on "<u>distinct</u> claims for relief" from the unresolved, uncertified claims. Attias, 969 F.3d at 417 (emphasis added). "'Different facts' and 'distinguishable' law do not alone qualify an alleged claim for separate judgment under Rule 54(b) . . . ." Tolson, 732 F.2d at 1002. "When alleged claims are so closely related that they would fall afoul of the rule against splitting claims if brought separately, they do not qualify as 'separate' claims within the meaning of Rule 54(b). Id. at 1001 (cleaned up). Put another way, if claim preclusion would bar the uncertified claims if they were brought separately after judgment on the certified claims, they are not separate claims under Rule 54(b). See id. at 1001–02 (citing Gold Seal Co. v. Weeks, 209 F.2d 802, 809–10 (D.C. Cir. 1954)). Absent a few narrow, inapplicable exceptions, federal law incorporates state law to determine the preclusive effect of a federal court judgment on state law claims. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001). Under District of Columbia law, a judgment on one claim "embodies an adjudication of all the parties' rights arising out of the transaction involved." Wash. Med. Ctr., Inc. v. Holle, 573 A.2d 1269, 1280–81 (D.C. 1990). Subsequently, claim preclusion prevents parties from litigating a claim "that might have been raised in the first proceeding." Id.

The remaining breach of contract claim and the resolved declaratory judgment claim and counterclaim all arose out of Zaccari's development of the CRR software during his employment

with, and under the Agreement with, Apprio. They concern the same relationship, the same software, and the same core dispute regarding ownership. While the breach of contract claim requires proof of additional facts beyond what the declaratory judgment claim and counterclaim required, the basis of the claims is the same. If Apprio were to have brought a declaratory judgment claim and then separately brought its breach of contract claim after receiving the declaratory judgment, that second suit would have been subject to dismissal under the doctrine of claim preclusion. Hence, the declaratory judgment claim and counterclaim are not "distinct" from the unresolved breach of contract claim under Rule 54(b). Entry of a final judgment is therefore inappropriate.

Zaccari argues that the breach of contract claim is sufficiently "separate" from the declaratory judgment claim and counterclaim because the breach of contract claim requires proof of four elements, of which only two—(1) the Agreement's validity and (2) the Agreement's assignment of ownership of the CRR software to Apprio—overlap with the declaratory judgment claim and counterclaim.[2] Mot. at 6. Moreover, he argues that the declaratory judgment claim and counterclaim "depend upon the interpretation and application of the ownership and assignment provisions of the Copyright Act," and therefore "represent distinct issues" from the breach of contract claims. Id. at 6–7. Yet this misunderstands what Rule 54(b) requires for entry of a partial final judgment. Under Zaccari's argument, almost any two claims would be "separate" so long as one has an element that the other does not. With few specific exceptions, such as where state and federal law provide identical claims for the same conduct, Zaccari's interpretation of "separate

---

[2] Although Zaccari does not address distinctness, he does address whether the adjudicated claims are "separate" from the unadjudicated claims for purposes of whether there is no just reason for delay. Because the claims are not "distinct" for jurisdictional purposes, the Court need not decide what difference, if any, there is between "distinctness" for jurisdictional purposes and "separateness" for determining whether there is no just reason for delay. To address Zaccari's motion thoroughly, however, the Court will assume that they are the same, and will therefore consider Zaccari's separateness arguments as if offered in support of distinctness.

claims" would sweep in almost every claim asserted in every multi-claim action. Had Apprio sought a judgment declaring that Zaccari's conduct breached the Agreement, and had this Court granted partial summary judgment on that issue, Zaccari's argument would allow this Court to certify that interlocutory order as a final judgment under Rule 54(b) because the breach of contract claim would still require an additional, separate proof of damages. While each claim may involve some different facts and distinguishable law, that is far from sufficient to make the claims legally "distinct."

Accordingly, the Court concludes that the declaratory judgment claim and counterclaim are not distinct from the remaining breach of contract claim. And because they are not distinct, there are no <u>distinct</u> claims on which this Court can certify a final judgment under Rule 54(b).

### B. No Just Reason for Delay

Even if the declaratory judgment claim and counterclaim were sufficiently distinct from Apprio's breach of contract claim such that the Court's previous judgment was "final" for Rule 54(b) purposes, the Court must find that there is "no just reason for delay" in entering an order of final judgment. For similar reasons that the Court finds that the claims are not "distinct," it would also <u>a fortiori</u> find that they are not "separate" enough to justify exercising the Court's discretion to certify a final judgment under Rule 54(b). Hence, sound judicial administration weighs strongly against certifying a final judgment.

Moreover, weighing the justice to the parties does not provide <u>any</u> reason to disturb the normal operation of the final judgment rule, let alone a sufficiently strong reason to do so. Zaccari has not shown that he would face any hardship if he were to wait to appeal the claims subject to this motion until after trial on the remaining breach of contract claim. In the light most favorable to Zaccari, an immediate appeal might possibly save him the expense of trial on the breach of

contract claim, but only if the D.C. Circuit reverses the partial summary judgment order on the declaratory judgment claim and counterclaim. But this possibility is present in every case in which a court grants partial summary judgment, and it is not sufficient on its own to justify certifying a final judgment under Rule 54(b), especially where Zaccari has not shown any likelihood that the partial summary judgment order would be reversed on appeal. And Zaccari has not even argued, let alone provided any evidence, that proceeding to trial prior to appeal—as would be customary—would somehow cause him or his legal interests undue hardship.

Conversely, immediate appeal would force Apprio to expend legal fees defending its partial summary judgment verdict three separate times—on Zaccari's motion to reconsider, on this motion for final judgment, and on appeal—before it had any chance to recoup expenses from Zaccari. Moreover, certification would significantly delay final resolution of the dispute, especially if this Court were also to grant Zaccari's motion to stay this litigation pending appeal. Balancing the equities to the parties does not show there is no just reason for delay—if anything, it shows the opposite.

Simply put, this case is not the "infrequent harsh case" for which Rule 54(b) is meant to grant relief from the normal rule that appeal should only be taken once the court has disposed of all claims by all parties. See Fed. R. Civ. P. 54 advisory committee note to 1946 amendment. Rather, this is a run-of-the-mill case between one plaintiff and one defendant with multiple interlocked claims regarding the rights in one piece of software as defined by the rights and obligations under one contract. In such a case, appeal is rarely, if ever, appropriate before resolution of all interrelated claims. Even if the jurisdictional steps were satisfied, sound judicial administration weighs strongly against exercising this Court's discretion to grant Zaccari's motion.

And a balancing of the equities to the parties likewise cuts against Rule 54(b) certification. Hence, the Court will deny Zaccari's motion for an order entering final judgment under Rule 54(b).

## II.   STAY OF PROCEEDINGS PENDING APPEAL

Zaccari further requests that the Court stay proceedings as to Apprio's breach of contract claim "pending the appeal of the Rulings" subject to his Rule 54(b) motion for an order entering final judgment. Mot. at 9. This request is contingent on the Court granting his Rule 54(b) motion. Since the Court will deny the motion, Zaccari's request for a stay pending appeal is moot. Hence, the Court will deny it as such.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that [53] Zaccari's motion for the entry of judgment under Rule 54(b) is **DENIED**; and it is further

**ORDERED** that [53] Zaccari's motion to stay proceedings pending appeal is **DENIED AS MOOT.**

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  December 7, 2021